# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00165-CV

### S. G., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. 20-FL-444, THE HONORABLE THOMAS NATHANIEL STUCKEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

S.G. appeals from the trial court's order terminating her parental rights to her child.[1] *See* Tex. Fam. Code § 161.001. Following a bench trial, the trial court determined that termination of S.G.'s parental rights was in her child's best interest and that S.G. constructively abandoned her child and failed to comply with the requirements of a court order establishing the actions necessary for her child to be returned to her care. *See id.* § 161.001(b)(1)(N), (O), (2). We will affirm the trial court's termination decree.

S.G.'s court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the

---

[1] The trial court also terminated Father's parental rights, but he is not a party to this appeal.

defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). S.G.'s counsel has certified to this Court that she has provided S.G. with a copy of the *Anders* brief and informed her of her right to receive a copy of the entire appellate record and file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief unless requested by this Court or as needed to respond to any pro se brief filed by S.G. To date, S.G. has neither filed a request with this Court to access the appellate record nor filed a pro se brief.

We have conducted a full examination of all of the proceedings to determine whether the appeal is frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support S.G.'s appeal. We agree with S.G.'s counsel that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating the parental rights of S.G. We deny counsel's motion to withdraw.[2]

---

[2] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to S.G. have not yet been discharged. *See id.* If after consulting with counsel S.G. desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   July 14, 2022